THEODORE KWAITKOWSKI, PETITIONER-DEFENDANT, v. McCABE'S EXPRESS AND TRUCKING, INC., A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT-PROSECUTOR.

Submitted October 6, 1942—Decided January 7, 1943.

Before Justices CASE, DONGES and COLIE.

For the petitioner-defendant, *Irving Reiken* and *Louis P. Brenner*.

For the respondent-prosecutor, *William J. Weliky*.

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up the record of an award by the Compensation Bureau in favor of Theodore Kwaitkowski, employee, against McCabe's Express and Trucking, Inc., employer, under the Workmen's Compensation Act. The employer is a New Jersey corporation. Claimant is a resident of this state. The contract of employment was made here, and the accident sued upon occurred in Brooklyn, New

York; wherefore there was no appeal to the Court of Common Pleas.

The petition alleged a hernia but was amended at the hearing to allege an "abdominal strain" as the injury. The determination found that the claimant suffered a severe strain of the abdominal muscles and that as a result he had a temporary disability of one week and a partial permanent disability amounting to two per centum of total. The question under review is whether the Bureau was correct in adjudicating any permanent disability.

There were three witnesses at the hearing; the claimant and his physician in his behalf and an examining physician brought in by the employer.

The claimant, on November 4th, 1940, was in the act of lowering a barrel from his truck when he experienced a sharp pain in the abdomen. He drove the truck back to his place of employment and at the close of the day went home. That night, at eleven-thirty, on the call of claimant's father, an ambulance came from the Jersey City Hospital but claimant was not taken nor was he treated or given advice beyond a suggestion from the ambulance doctor that he call at the hospital the following morning—a suggestion that was not followed. On November 5th claimant visited Dr. Mueller who was his witness at the trial. He made further visits upon Dr. Mueller on November 11th, 1940, November 21st, 1940, and, finally, about a month before the hearing which was held on March 17th, 1942; four visits in all, three of which were within a period of slightly more than two weeks following the injury, and one after a lapse of one year and four months.

The testimony given by the claimant is exceedingly meager in its bearing upon the fact, or extent, of permanent disability. He said: "I still get pains," "I am not working," "I didn't go back to work at all," "I get them [viz., pains] quite often now off and on and every time I start seeing Dr. Mueller he generally gives me medicine to take and he gives me an examination," "I wear a belt." That is all of it.

Dr. Mueller testified that he examined the claimant on November 5th, 1940, and received an account of subjective

symptoms from the patient but found no objective symptoms. Coming down to the last visit, the witness added: "I asked him whether he had been employed since and he said no. I thought he was able to get out and do some work and take that belt off there." We find in the testimony of Dr. Mueller no substantial support for a claim of permanent disability. The nearest approach is in the words which we have italicized in the following excerpt: "*Q.* But on the second visit two or three weeks after the first visit you say he still complained *and the last time? A. Yes.*"

Dr. Joseph Koppel, the physician called by the employer, testified that he had examined the claimant on February 10th, 1941, that there was no permanent disability and in his opinion there was no reason why the claimant should then be under treatment.

The burden of proof was, of course, upon the claimant, and he did not, in our opinion, carry it. The weight of the credible evidence was to the contrary of the contention that he suffered a permanent disability. It is not without significance that he, a young man of twenty-six years of age, whose temporary disability ended so soon after his mishap and who asserts at the most only a slight permanent disability, remains so long idle with apparently no effort to obtain work of any character. The deputy commissioner was not established in his opinion; his conclusion was that he would "give the petitioner the benefit of the doubt." The trend of the proofs on the whole indicates to us that the claimant malingers.

We find that the claimant did not suffer a permanent disability as a result of the accident alleged in his petition and that, therefore, the determination of the Bureau in that respect should be reversed. The allowance of one week's temporary disability is not under attack in the prosecutor's brief and will stand; as will the allowance for counsel fees, witness fees and the like. No costs.